UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACO ENVIRONMENTAL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C09-0145JLR <br><br> ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the court on Defendant American International Specialty Lines Insurance Company's ("AISLIC") motion for partial summary judgment (Dkt. # 37). In a prior order, the court granted in part and denied in part a motion for partial summary judgment filed by Plaintiffs JACO Environmental, Inc., Terry Jacobsen, and Michael Dunham (collectively, "JACO"). (Order dated May 19, 2009 ("Order") (Dkt. # 31).) The court held, in relevant part, that AISLIC breached the insurance policy JACO

ORDER- 1

had purchased from it when it refused to defend JACO in a lawsuit in the United States District Court for the Central District of California; that a selection of counsel clause in the insurance policy did not apply to limit the reasonable attorneys' fees that JACO can recover as damages for AISLIC's breach; and that JACO was entitled to recover its attorneys' fees in the present case. (*Id.*) AISLIC now seeks a ruling on summary judgment that JACO cannot recover certain attorneys' fees incurred in the underlying lawsuit as damages in the instant lawsuit. Having considered the submissions of the parties, and having heard oral argument, the court DENIES AISLIC's motion for partial summary judgment (Dkt. # 37).

# I. BACKGROUND

The parties are familiar with the general background of this case, and the court will not repeat it here.[1] The facts relevant to the present motion are as follows.

## A. The *ARCA* lawsuit

On November 24, 2004, Appliance Recycling Centers of America, Inc. ("ARCA") filed a complaint against JACO in the United States District Court for the Central District of California (the "*ARCA* suit"). (*See* Order at 3.) That same day, JACO retained Hendricks & Lewis, PLLC, ("Hendricks & Lewis") a Seattle-based firm, to defend it in the *ARCA* suit. JACO associated a California firm, Knobbe Martens Olsen & Bear ("Knobbe"), as local counsel. (Declaration of O. Yale Lewis Jr. ("Lewis Decl.") (Dkt. # 41) ¶¶ 4-5.) On December 17, 2004, JACO sent notice of the *ARCA* suit to its insurer

---

[1] For a complete background, the court directs the parties to the court's prior order. (*See generally* Order.)

AISLIC and asked AISLIC to defend it. (*See* Order at 5.) On April 20, 2005, AISLIC refused to defend JACO in the *ARCA* suit. (*Id.*)

JACO was insured not only by AISLIC, but also by Truck Insurance Exchange ("Truck"). (Declaration of Michael Jacobsen ("Jacobsen Decl.") (Dkt. # 40) ¶¶ 4-5.) On May 12, 2005, JACO asked Truck to assume the defense of the *ARCA* suit. (*See* Declaration of Andrew Sussman ("Sussman Decl.") (Dkt. # 42), Ex. 21 at 1.) Truck agreed to defend JACO under a reservation of rights, stating:

> [B]ecause a possible conflict may exist due to Truck's reservation of its rights, as set forth above, Truck will pay for qualified counsel that Defendants choose to represent them in the Litigation pursuant to California Civil Code Section 2860.

(*Id.*, Ex. 22 at 12.)

Truck selected the California firm Ropers, Majeski, Kohn & Bentley ("Ropers") to defend JACO. (Lewis Decl. ¶ 6.) Ropers "took the lead in the defense for an extended period of time," while Hendricks & Lewis and Knobbe became less involved. (Lewis Decl. ¶¶ 7-8.) As the trial date drew closer, however, Hendricks & Lewis participated more extensively in JACO's defense, and the firm filed a motion for summary judgment on JACO's behalf in October 2008. (*Id.* ¶¶ 10-11.) The court granted JACO's motion for summary judgment in the *ARCA* suit in January 2009. (*Id.*, Exs. 13-15.)

Meanwhile, JACO tried again to convince AISLIC to provide defense coverage. On September 22, 2008, JACO sent a letter to AISLIC asking it to reconsider its position, and enclosing interrogatory responses describing conduct that occurred during the

AISLIC policy period. (Order at 6.) In response, AISLIC agreed to "participate in the defense of JACO going forward from September 23, 2008." (*Id.* at 6-7.)

**B.  The instant lawsuit**

JACO filed the instant lawsuit on February 2, 2009. (Compl. (Dkt. # 1).) In relevant part, JACO sought: (1) a declaration that AISLIC breached its duty to defend JACO in the *ARCA* suit; (2) a determination that AISLIC's duty to defend began when the *ARCA* suit was filed; and (3) a determination that AISLIC was obliged to reimburse JACO for the attorneys' fees and costs it incurred in the *ARCA* suit at reasonable marketplace hourly rates rather than the lower rates AISLIC pays the firms it retains to defend similar actions. (*Id.* at 21-22.)

On February 26, 2009, JACO filed a motion for partial summary judgment in this court seeking a declaration that AISLIC had a duty to defend JACO dating back to the filing of the *ARCA* suit and determinations on amounts of damages. (Dkt. # 13.) Shortly after JACO filed its motion, AISLIC changed its position on its duty to defend. In a letter dated March 3, 2009, AISLIC agreed to share in the cost of defense from the date of JACO's initial tender. (Supplemental Declaration of Joseph S. McMillen ("Supp. McMillen Decl.") (Dkt. # 25), Ex. 11.) AISLIC sent JACO a check for $137,406.53, based on "the independent counsel rate established by [Truck]." (*Id.*)

In May 2009, this court granted in part and denied in part JACO's motion for partial summary judgment. (*See generally* Order.) In relevant part, the court held, applying Washington law, that AISLIC's duty to defend arose when the *ARCA* suit was filed and that AISLIC breached this duty when it refused JACO's initial tender of

ORDER- 4

defense. (*Id.* at 10-13.) The court also held that the "selection of counsel" clause in the AISLIC policy did not apply to limit the amount of attorneys' fees JACO can recover to the rates AISLIC normally pays its panel attorneys. (*Id.* at 13-16.) The court observed that the "selection of counsel" clause was considered a "*Cumis* endorsement" under California law. (*Id.* at 14 (citing *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y*, 162 Cal. App. 3d 358 (1984)).) The court explained that, in California, "in the absence of an insured's consent to joint representation of the insurer and the insured, where there are divergent interests of the two brought about by the insurer's reservation of rights, the insured is entitled to select its own independent counsel at the expense of the insurer." (*Id.*) By contrast, under Washington law, "the insurer selects a lawyer for the insured who then has an obligation to represent only the insured." (*Id.* at 15 (citing *Johnson v. Cont'l Cas. Co.*, 788 P.2d 598, 600 (Wash. Ct. App. 1990)).) Thus, "the prerequisite for the clause to apply, that 'the insured is entitled by law to select independent counsel,' is absent here." (*Id.*) The court also noted that "the advent for JACO's hiring of its own defense counsel was not the creation of a potential conflict created by AISLIC's agreement to defend JACO under a reservation of rights, but rather AISLIC's outright rejection of its duty to defend at the time it was initially notified of the suit by JACO." (*Id.*)

AISLIC now moves for partial summary judgment. AISLIC contends that because JACO was defended in the *ARCA* suit by Truck's appointed counsel and was not entitled to hire independent counsel under Washington law, it is not entitled to recover any of the

attorneys' fees it paid to Hendricks & Lewis and Knobbe after Ropers joined the defense. (Mot. at 3.)

## II. ANALYSIS

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates that "there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

AISLIC first contends that because Truck paid for counsel to defend JACO in the *ARCA* suit, JACO is not entitled to recover the attorneys' fees it paid to Hendricks & Lewis and Knobbe after Ropers was associated as counsel. (Mot. at 4.) AISLIC reads the court's prior order as holding that JACO was not entitled to independent counsel under Washington law. (*Id.*; Reply (Dkt. # 45) at 1, 2.) As a result, AISLIC asserts, JACO was entitled to a defense by only one law firm, and AISLIC's obligation to defend JACO was satisfied when Truck paid Ropers to provide that defense. (Mot. at 4-6.) AISLIC misunderstands the court's prior order. As explained above, the court held only that the attorneys' fees JACO was entitled to recover were not limited by the selection of

counsel clause in the AISLIC policy. (Order at 16.) Whether JACO was entitled to independent counsel under another insurance policy governed by another state's law was not before the court.

To the extent AISLIC seeks a ruling on summary judgment that JACO was not entitled to independent counsel under the Truck policy, its arguments are unavailing. (*See* Reply at 4-7.) JACO contends that its insurance policy with Truck was governed by California law, rather than Washington law, and that it was entitled to independent counsel in addition to counsel appointed by Truck because Truck agreed to defend JACO under a reservation of rights. (Response (Dkt. # 39) at 12-19.) To support this contention, JACO points to letters between its insurance counsel and Truck in which both parties cite California law. (*See* Sussman Decl., Exs. 21, 22.) Viewing the evidence in the light most favorable to JACO, the court finds that there is a genuine issue of material fact precluding a grant of summary judgment to AISLIC on the issue of JACO's entitlement to independent counsel under the Truck policy.

At oral argument, AISLIC contended that if it had accepted JACO's tender of defense, it would have fulfilled its obligations under the policy and under Washington law by hiring a single law firm to represent JACO. Thus, when Truck hired Ropers to defend JACO, it placed JACO in the same position it would have been in had AISLIC accepted the defense. As a result, according to AISLIC, any liability AISLIC may have had to JACO ceased once Truck accepted the tender of defense. (*See* Mot. at 5 (citing *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 305 (Cal. Ct. App. 1998)).) This argument has two key flaws. First, AISLIC's argument is premised upon

what would have happened had it accepted JACO's tender. AISLIC, however, did not agree to defend JACO; rather, it breached its duty to defend. It is liable, therefore, for JACO's reasonable attorneys' fees. (*See* Order at 13-16.) Second, AISLIC's reliance on *Fireman's Fund* is misplaced. *Fireman's Fund* stands only for the proposition that "the insured's right of recovery is restricted to the actual amount of the loss." *Fireman's Fund*, 77 Cal. Rptr. 2d at 305. As a result, where "the insured recovers the full amount of its loss from one or more, but not all, of its insurance carriers, the insured has no further rights against the insurers who have not contributed to its recovery." *Id.* Here, by contrast, JACO has not recovered the full amount of its loss. Rather, JACO has incurred defense costs which have not yet been reimbursed by any insurer. (*See* Supp. McMillen Decl. ¶ 7 (noting that, although JACO's insurers have made payments toward JACO's defense costs, "there remains an outstanding balance in the hundreds of thousands of dollars.").) The court therefore denies summary judgment on this ground.

Finally, AISLIC contends that JACO failed to mitigate its damages. (Mot. at 6-7.) The doctrine of mitigation of damages "prevents an injured party from recovering damages that could have been avoided through reasonable efforts." *Labriola v. Pollard Group, Inc.*, 100 P.3d 791, 797 (Wash. 2004). As discussed above, AISLIC has not established that it was unreasonable as a matter of law for JACO to continue to retain Hendricks & Lewis and Knobbe after Truck hired Ropers as defense counsel. The court therefore denies summary judgment to AISLIC on this ground.

### III. CONCLUSION

For the foregoing reasons, the court DENIES AISLIC's motion for partial summary judgment (Dkt # 37).

Dated this 26th day of January, 2010.

JAMES L. ROBART
United States District Judge