1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

| | |
|---|---|
| JACO ENVIRONMENTAL, INC., et al., | CASE NO. C09-0145JLR |
| Plaintiffs, | ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | |
| Defendant. | |

17    This matter comes before the court on Plaintiffs JACO Environmental, Inc., Terry

18 Jacobsen, and Michael Dunham's (collectively, "JACO") motion for summary judgment

19 regarding quantification of damages (Dkt. # 53).  This is the third summary judgment

20 motion filed in this case.  In May 2009, the court granted in part and denied in part

21 JACO's first motion for partial summary judgment, holding, in relevant part:  (1) that

22 Defendant American International Specialty Lines Insurance Company ("AISLIC")

1    breached its insurance contract with JACO when it refused to defend JACO in a lawsuit

2    filed against it in the United States District Court for the Central District of California

3    (the "*ARCA* suit"); (2) that a "selection of counsel" clause in the insurance policy does

4    not limit the reasonable *ARCA* suit attorneys' fees that JACO is entitled to recover as

5    damages for AISLIC's breach; and (3) that JACO is entitled to recover attorneys' fees

6    incurred in the present case pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*,

7    811 P.2d 673 (Wash. 1991).  (First Summ. J. Order (Dkt. # 31).)  In January 2010, the

8    court denied AISLIC's motion for partial summary judgment, holding that AISLIC had

9    not established as a matter of law that JACO was not entitled to hire independent counsel

10   to represent its interests after a second insurer, Truck Insurance Exchange ("Truck"),

11   agreed to defend JACO subject to a reservation of rights.  (Second Summ. J. Order (Dkt.

12   # 52).)  JACO now moves for summary judgment regarding: (1) the damages AISLIC

13   must pay for its wrongful refusal to defend JACO in the *ARCA* suit and (2) the amount of

14   *Olympic Steamship* attorneys' fees AISLIC must pay in connection with the instant

15   lawsuit.

16        Having reviewed the submissions of the parties, and deeming oral argument

17   unnecessary, the court GRANTS in part and RESERVES in part JACO's motion for

18   summary judgment (Dkt. # 53).

19                          **I.    BACKGROUND**

20        As the parties are familiar with the general background of this case, the court does

21   not repeat it here.  The following facts relevant to the instant motion are undisputed.

22

1        At the time of the *ARCA* suit, JACO was insured by four companies: AISLIC,

2 Truck, Nautilus Insurance Company ("Nautilus"), and Lexington Insurance Company

3 ("Lexington"). (Declaration of David A. Gauntlett ("Gauntlett Decl.") (Dkt. # 56) ¶ 10.)

4 JACO tendered the defense of the *ARCA* suit to all four insurers, but only Truck accepted

5 the defense, and then only under a reservation of rights. (*See* Declaration of Andrew M.

6 Sussman ("Sussman Decl.") (Dkt. # 42), Ex. 22.) Because Truck recognized that its

7 reservation of rights could result in a conflict of interest under California law, Truck

8 agreed to pay for independent counsel of JACO's choice. (*Id.* at 12.)

9        Shortly after ARCA filed its lawsuit, JACO retained the Seattle law firm

10 Hendricks & Lewis PLLC ("Hendricks") to represent it. (Declaration of O. Yale Lewis

11 ("Lewis Decl.") (Dkt. # 41) ¶ 3.) JACO also hired Knobbe, Martens, Olson & Bear

12 ("Knobbe"), a California law firm, to serve as local counsel and to provide patent law

13 expertise. (*Id.* ¶ 4.) After it accepted JACO's tender of defense, Truck retained Ropers,

14 Majeski, Kohn & Bentley ("Ropers") as its appointed counsel. (*See id.* ¶ 6.) JACO

15 continued to retain Hendricks and Knobbe as its independent counsel. (*Id.* ¶¶ 7-8.)

16        In January 2009, JACO prevailed in a motion for summary judgment in the *ARCA*

17 suit. (*Id.* ¶ 12.) ARCA's appeal of the order granting summary judgment to JACO (the

18 "*ARCA* appeal") is pending before the Ninth Circuit. (Sussman Decl. ¶ 8.)

19        Truck, Nautilus, and Lexington all contributed toward reimbursing JACO for fees

20 incurred by Hendricks and Knobbe in the *ARCA* suit. (Gauntlett Decl. ¶ 10.) In February

21 2009, JACO filed the instant lawsuit to compel AISLIC to contribute toward its *ARCA*

22

1   suit defense costs.  (Dkt. # 1.)  Shortly thereafter, AISLIC sent a payment to JACO, but it

2   continued to challenge the total amount of fees that it owed.  (*See* Gauntlett Decl. ¶ 14.)

3       JACO is represented in this case by both Hendricks and Gauntlett & Associates

4   ("Gauntlett"), a California firm which also served as JACO's insurance coverage counsel

5   during the *ARCA* suit.  (*Id.* ¶ 3; *see also id.* ¶ 10.)

6                        **II.    ANALYSIS**

7       Summary judgment is appropriate if the evidence, when viewed in the light most

8   favorable to the non-moving party, demonstrates that "there is no genuine issue as to any

9   material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

10  P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los*

11  *Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of

12  showing there is no material factual dispute and that he or she is entitled to prevail as a

13  matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party meets his or her burden, the

14  nonmoving party must go beyond the pleadings and identify facts which show a genuine

15  issue for trial.  *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229

16  (9th Cir. 2000).

17      JACO contends (1) that it is entitled to reimbursement for all reasonable costs it

18  incurred in defending the *ARCA* suit, less those costs already reimbursed by its other

19  insurers; (2) that it is entitled to the ongoing costs of defending the *ARCA* appeal; and (3)

20  that it is entitled to reimbursement under *Olympic Steamship* for all fees its insurance

21  defense counsel incurred in its efforts to obtain for JACO the benefit of its AISLIC

22  insurance policy.  (*See generally* Mot. (Dkt. # 53).)

1   AISLIC concedes that the hourly rates charged by counsel in defending the *ARCA*

2   suit and in litigating the present lawsuit were reasonable and that the work listed in the

3   law firms' invoices was necessary.  (Resp. (Dkt. # 61) at 2, 3.)  AISLIC contends,

4   however, that summary judgment is inappropriate because (1) JACO has not established

5   as a matter of law that it is entitled to reimbursement for its independent counsel in the

6   *ARCA* suit; (2) JACO is not entitled to fees for work Gauntlett performed to obtain

7   reimbursement from insurers other than AISLIC; and (3) JACO is not entitled to fees

8   incurred when Gauntlett provided advice on litigation strategy in the *ARCA* suit.  (*See*

9   *generally id.*)  AISLIC also disputes JACO's proposed terms for payment of fees incurred

10  in the *ARCA* appeal.

11  **A.    *ARCA* Suit Attorneys' Fees**

12      JACO argues that it is entitled as a matter of law to recover unreimbursed

13  expenses from the *ARCA* suit totaling $413,617.29 as of December 31, 2009.  (Mot. at

14  11-12; *see also* Gauntlett Decl. ¶¶ 9-16.)  Relying on the court's holding in its First

15  Summary Judgment Order that AISLIC is liable for JACO's reasonable attorneys' fees as

16  a result of its breach of its duty to defend, JACO asserts that it was reasonable for it to

17  retain Hendricks and Knobbe to defend it in the *ARCA* suit after Truck hired Ropers.

18  (Mot. at 10.)

19      AISLIC "has no objection to the reasonableness of the past fees requested."

20  (Resp. at 2.)  AISLIC contends, however, that summary judgment on the amount of

21  *ARCA* suit attorneys' fees owed is inappropriate because a question of fact remains

22

1    regarding whether JACO was entitled to hire independent counsel under the Truck

2    policy.  (*Id.* at 1-2.)

3         AISLIC's argument is unavailing.  In its First Summary Judgment Order, the court

4    held that JACO was entitled to the reasonable attorneys' fees it incurred in the *ARCA* suit

5    because AISLIC breached its duty to defend.  (*See* First Summ. J. Order at 13-16.)  The

6    court made clear that "the advent for JACO's hiring of its own defense counsel . . . was

7    AISLIC's outright rejection of its duty to defend at the time it was initially notified of the

8    suit by JACO."  (*Id.* at 15.)  In its Second Summary Judgment Order, the court reaffirmed

9    this holding.  (*See* Second Summ. J. Order at 8-9 (noting that AISLIC "did not agree to

10   defend JACO; rather, it breached its duty to defend.  It is liable, therefore, for JACO's

11   reasonable attorneys' fees.").)   In sum, because AISLIC breached its duty to defend as

12   established in the insurance contract, JACO is entitled to recover the reasonable

13   attorneys' fees it incurred in defending itself in the *ARCA* suit.  Whether JACO was

14   entitled to independent counsel under the Truck policy is not relevant to JACO's rights

15   under the AISLIC policy.[1]

16        AISLIC also contends that summary judgment is inappropriate because JACO

17   failed to include a February 2010 payment by Nautilus in its calculation of damages.  (*Id.*

18   at 2-3.)  JACO replies that its invoices are complete, that it did not receive any payment

19

20        ───────────────────

21   [1] Even if the terms of the Truck policy were relevant, the undisputed facts support
     JACO's contention that it was reasonable for it to retain Hendricks and Knobbe:  Truck
     acknowledged that JACO was entitled to hire independent counsel, and Truck, Lexington,

22   Nautilus have all contributed toward reimbursing JACO for the *ARCA* suit attorneys' fees
     incurred by Hendricks and Knobbe.  (*See* Sussman Decl., Ex. 22 at 12; Gauntlett Decl. ¶ 10.)

1  in February 2010, and that, at any rate, AISLIC did not present any admissible evidence

2  to support its contention.  (Reply at 5.)  The court agrees that AISLIC has not met its

3  burden to demonstrate a genuine issue for trial regarding the total amount of

4  unreimbursed expenses.

5          For the foregoing reasons, viewing the evidence in the light most favorable to

6  AISLIC, the court finds that there is no genuine issue of material fact and that JACO is

7  entitled to judgment as a matter of law on the amount of past attorneys' fees AISLIC

8  must pay as damages for its breach of its duty to defend JACO in the *ARCA* suit.

9  **B.     *Olympic Steamship* Fees**

10         JACO argues that it is entitled as a matter of law to recover *Olympic Steamship*

11  fees totaling $378,443.50 as of the date of its motion.  (Mot. at 13; Gauntlett Decl. ¶¶ 17-

12  29.)  AISLIC "does not assert that the hourly rates charged by Gauntlett & Associates are

13  unreasonable or that the work performed was unnecessary."  (Resp. at 3.)  AISLIC

14  contends, however, that there are questions of fact as to the total amount of *Olympic*

15  *Steamship* fees because Gauntlett's invoices contain items that are not related to its

16  efforts to convince AISLIC to provide insurance coverage.  (*Id.* at 3-5.)

17         1.   Fees for work targeted at other insurers

18         AISLIC argues that it should not be required to reimburse JACO for items on

19  Gauntlett's invoices which relate to its efforts to convince insurers other than AISLIC to

20  pay for its defense of the *ARCA* suit.  (Resp. at 3-4.)  AISLIC has identified items on the

21

22

ORDER- 7

1   invoices which refer to insurers other than AISLIC.[2]  JACO counters that Gauntlett's

2   efforts to convince other insurers to contribute toward JACO's defense mitigated the

3   damages AISLIC would eventually have to pay, and therefore AISLIC should pay for

4   those efforts.  (Reply at 5-6.)

5          Under Washington law, "one who has sustained damage, by reason of the act of

6   another, must use reasonable efforts to minimize his damages."  *Snowflake Laundry Co.*

7   *v. MacDowell*, 328 P.2d 684, 691 (Wash. 1958).  "The obvious corollary to this rule is

8   that an injured party is generally entitled to all legitimate and reasonable expenses

9   necessarily incurred by him in an honest and good faith effort to reduce the damages

10  from or following the wrongful act."  *Kubista v. Romaine*, 538 P.2d 812, 815 (Wash. Ct.

11  App. 1975), *aff'd*, 549 P.2d 491 (Wash. 1976).  It follows that an insurer has a duty to

12  compensate the insured for reasonable expenses incurred in mitigating a loss.  *See Brown*

13  *v. State Farm Fire & Cas. Co.*, 831 P.2d 1122, 1126-27 (Wash. Ct. App. 1992); *see also*

14  12 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 178:10 (3d ed.).

15

16       [2] For example:

17       9/09/2008: Review and finalized detailed tender letter to Lexington; review
         exhibits 1 through 7 to letter.

18       9/10/2008: Conference with Nautilus' counsel J. Bolender concerning prior
         publication exclusion, Ringler, Taco Bell, settlement authority, his conversations
19       with Truck, coverage issues, global settlement, Nautilus' settlement and coverage
         positions.

20       6/29/2009: (Apportion wholly to Nautilus claim) Develop selection of counsel
21       arguments with DAG to rebut Nautilus arguments.

22  (Declaration of Linda B. Clapham ("Clapham Decl.") (Dkt. # 62), Ex. A at 2-4, 34.)

ORDER- 8

1    Here, because AISLIC refused to defend JACO, JACO was required to seek

2    coverage and reimbursement from its other insurers.  When JACO's counsel successfully

3    obtained reimbursement from the other insurers, it not only benefited JACO, but also

4    protected AISLIC by reducing the amount of *ARCA* suit attorneys' fees AISLIC would

5    eventually be required to pay.  The court therefore concludes that JACO has met its

6    burden to demonstrate that there is no genuine issue of material fact and that it is entitled

7    as a matter of law to fees incurred by Gauntlett in convincing Truck, Lexington, and

8    Nautilus to contribute toward JACO's defense in the *ARCA* suit.

9        2.   Fees for *ARCA* suit work allegedly unrelated to insurance coverage

10    AISLIC argues that it should not be required to reimburse JACO for items on

11    Gauntlett's invoices in which the firm appeared to act as "personal counsel not related to

12    either this coverage action or to its defense of the [*ARCA* suit]."  (Resp. at 4.)  AISLIC

13    contends that these items make it "clear" that JACO retained Gauntlett to "give advice to

14    JACO and to defense counsel about strategies used in the [*ARCA* suit] and how to avoid

15    adversely impacting JACO's insurance coverage."  (*Id.*)  AISLIC has identified items on

16    the invoices which describe such work as discussing the *ARCA* suit summary judgment

17

18

19

20

21

22

ORDER- 9

1   motion with JACO's trial counsel, reviewing motions, and discussing trial strategy.[3]

2   JACO counters that "to advise Plaintiffs about strategies for the underlying case (to

3   ensure that AISLIC honored its defense obligations) is exactly the type of reimbursable

4   burdensome conduct articulated in *Olympic Steamship* because it encompasses 'a cost of

5   compelling the insurer to honor its commitment.'"  (Reply at 7 (citing *Olympic*

6   *Steamship*, 911 P.2d at 681).)

7          Under *Olympic Steamship*, "[a]n insured who is compelled to assume the burden

8   of legal action to obtain the benefit of its insurance contract is entitled to attorney fees."

9   *Olympic Steamship*, 911 P.2d at 682.  The policy concerns of *Olympic Steamship* support

10  a broad reading of the types of expenses that are reimbursable.  *See id.* ("When an insured

11  purchases a contract of insurance, it seeks protection from expenses arising from

12  litigation, not 'vexatious, time-consuming, expensive litigation with its insurer.'"

13  (internal citation omitted)); *see also Panorama Vill. Condo. Owners Ass'n Bd. of*

14  *Directors v. Allstate Ins. Co.*, 26 P.3d 910, 917 (Wash. 2001) ("It is the purpose of the

15  *Olympic Steamship* exception to make an insured whole when he is forced to bring a

16  lawsuit to obtain the benefit of his bargain with an insurer.").  Here, JACO would not

17  _____

18         [3] For example:

19         9/12/2008:  Conference with defense counsel concerning Jaco's summary
           judgment, soliciting comments on coverage issues.

20         9/15/2008:  Per request of defense counsel, review second set of summary
           judgment papers JACO anticipates filing in underlying case, including motion,
21         points and authorities and supporting declarations and evidence, from insurance
           coverage perspective and for general comments.

22  (Clapham Decl., Ex. A at 2-3.)

ORDER- 10

have needed Gauntlett to review the *ARCA* suit litigation strategy for potential adverse effects on JACO's insurance coverage position if AISLIC had accepted its duty to defend.  The court therefore holds that AISLIC must reimburse JACO for the fees Gauntlett incurred when it consulted with the Hendricks and Knobbe firms about insurance coverage issues in connection with the *ARCA* suit.

The court agrees with AISLIC, however, that JACO has not established that it is entitled as a matter of law to reimbursement for fees incurred by Gauntlett that are not related in some way to obtaining insurance coverage.  Although most of the items AISLIC contests appear to relate to insurance coverage, it is not clear whether other highlighted items bear the requisite connection to insurance coverage issues.  (*See generally* Clapham Decl., Ex. A.)  The court therefore orders the parties to provide supplemental briefing on the items in question.  AISLIC shall identify, within 10 days of entry of this order, the specific line items on the Gauntlett invoices that it contends are unrelated to insurance coverage.  AISLIC shall identify these items by date, description, and amount, and shall explain its basis for challenging each item.  JACO shall file its response, if any, within 10 days of AISLIC's filing of its supplemental brief.  JACO's response shall set forth the facts that establish that each item is reimbursable.

**C.    Ongoing *ARCA* Appeal Fees**

The parties disagree on the terms of AISLIC's ongoing obligation to reimburse JACO for the costs of defending the *ARCA* appeal.  JACO asks the court (1) for an order that AISLIC must pay expenses within 15 days of receiving defense counsel's invoices, and (2) to retain jurisdiction over this case until the resolution of the *ARCA* appeal so that

1  it can enforce AISLIC's obligations.  (Mot. at 22.)  AISLIC responds that it must have an

2  opportunity to review defense counsel's invoices for reasonableness before it pays them.

3  (Resp. at 2.)  JACO counters that AISLIC can sue for reimbursement after the *ARCA*

4  appeal is complete if it wishes to challenge any of the fees incurred; or, in the alternative,

5  the court can fashion an order that allows AISLIC to challenge fees but still requires

6  payment within 15 days.  (Reply at 3-5.)

7          The court reserves ruling on this issue at this time and orders the parties to confer

8  regarding terms for AISLIC's payment of JACO's invoices for attorney's fees incurred in

9  the *ARCA* appeal.  The parties shall update the court on the status of their negotiations

10  within 20 days of entry of this order.

11                          **III.    CONCLUSION**

12          For the foregoing reasons, the court GRANTS in part and RESERVES in part

13  JACO's motion for summary judgment regarding quantification of damages (Dkt. # 53).

14  The court:

15          GRANTS JACO's motion for summary judgment quantifying its past damages for

16  AISLIC's breach of its duty to defend;

17          RESERVES ruling on JACO's motion for summary judgment quantifying its

18  *Olympic Steamship* fees;

19          ORDERS the parties to provide supplemental briefing regarding the items in the

20  Gauntlett invoices which AISLIC contends are unrelated to insurance coverage;

21          ORDERS the parties to confer regarding terms for AISLIC's payment of invoices

22  for attorneys' fees incurred in the *ARCA* appeal, and to file with the court within 20 days

1   of entry of this order either a statement of the parties' agreed terms or a statement that the

2   parties cannot agree.

3         Dated this 8th day of March, 2010.

4

5                                                    _____

6                                                    JAMES L. ROBART
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 13